O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA STELLA ROCHA, | CASE NO. SA CV 13-00904 RZ |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

An Administrative Law Judge found that Plaintiff could perform her past relevant work as an esthetician, and therefore was not disabled. Plaintiff asserts that the Administrative Law Judge committed three errors, justifying reversal. The Court disagrees.

First, Plaintiff argues that the Administrative law Judge wrongly found her not to be credible. Plaintiff spends almost twenty-five pages on this issue in her portion of the Joint Stipulation, yet never says what testimony of Plaintiff shows Plaintiff to have been more impaired, or less able to perform work, than the Administrative Law Judge found. The Court has reviewed the transcript of the hearing. Plaintiff's testimony was scattered and unfocused; Plaintiff gave unresponsive answers and launched into speeches about doctors being idiots and medical care not being as good here as in her home country, and various other digressions. The Administrative Law Judge did as good a job as possible, in difficult circumstances, in trying to understand Plaintiff's testimony.

   The Administrative Law Judge's finding on "credibility" was, in reality, a finding that the evidence did not support a more restrictive residual functional capacity. His catch-all use of the Administration's formulaic language, in the context of this case, was not so much a rejection of asserted subjective symptoms as it was a determination that the evidence supported the residual functional capacity he found. Viewed in this context, it is not surprising that he did not address specific testimony (even if somehow the confusing record testimony could have been teased out to make such determinations). Again, the Court finds it noteworthy that even Plaintiff, in her lengthy memorandum, cannot specify what subjective symptoms she has that prevents her from performing the tasks that the Administrative Law Judge said she could perform.

   Plaintiff next contends that the Administrative Law Judge erred by rejecting the opinion of her treating physician. The opinion at issue consists of a form that was filled out at the request of Plaintiff's counsel. [AR 923] The signature is illegible, and the Administrative Law Judge was justified in his determination that it was from an unknown physician. [AR 21] The opinion, that Plaintiff could not even do sedentary work, was so at odds with the medical evidence that the Administrative Law Judge thoroughly reviewed, that he rejected it. In his discussion of the medical evidence, however, the Administrative Law Judge did note that Plaintiff's treating physician encouraged Plaintiff to exercise daily [AR 22], and this seems inconsistent with the notion, which Plaintiff now attributes to a treating physician, that she could not even perform sedentary work. The opinion at issue also relies on a diagnosis of fibromyalgia by someone else, not the author of the opinion, yet, as the Commissioner points out, the records contain evidence that the fibromyalgia was controlled. *E.g.*, AR 829. It is, of course, true in general that the opinion of a treating source deserves greater deference than the opinions of other sources. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001). Here, however, it is not as if the Administrative Law Judge ignored opinions. He thoroughly explored the medical evidence, and the state examining opinion he found persuasive did so as well. Given the fact that the opinion at issue may not even have been from a treating physician, that it did

not have much detail itself but, for the most part, simply circled categories and checked off items, and that there was significant evidence, well-documented and explored, that belied it, the Administrative Law Judge was justified in his determinations.

Plaintiff's final argument is the most promising, but ultimately the Court does not agree that the argument justifies a further look by the Administrative law Judge. Plaintiff asserts that the Administrative Law Judge did not consider a vocational evaluation report from the Department of Rehabilitation, and that this failure was prejudicial. It is perplexing that the Administrative Law Judge did not address the report; in his decision, he went through each of the exhibits, but inexplicably leapfrogged this one. [AR 17] In this exhibit, the Department of Rehabilitation performed an evaluation of Plaintiff.

The first question presented by this evaluation is how to characterize it. The evaluators give their "professional opinion," [AR 570] but they are not medical professionals. [*Id.*] They could be considered lay witnesses, but their evaluation is based entirely on what Plaintiff reported to them, not on any observations independent of Plaintiff. [*Id.*] Their determination of Plaintiff's physical capability, moreover, is subject to their comments in the form they submitted, which states in part that "[t]he following minutes are not an indication of stable physical patterns." [AR 562] They did record a lifting capacity less than what the Administrative Law Judge found, but there is no indication of how that was determined and, given that almost everything else in the evaluation was based on Plaintiff's self-reporting, and that the evaluators were vocational personnel, not medical professionals, it seems most likely that the lifting capacity also was determined by Plaintiff's self-reporting. Finally, the medical evidence the Administrative Law Judge reviewed, both at about the same time as this evaluation as well as subsequent to it, indicated that Plaintiff had greater physical capacity than that reported by the vocational evaluators. [AR 17-18]

On the basis of the foregoing, the Court concludes that the failure to discuss Exhibit 12 was, if erroneous, harmless. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006) (if *competent* lay evidence is not

1  addressed, remand required, but only if crediting the competent evidence will change
2  outcome); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (medical evidence inconsistent
3  with lay evidence a grounds for not crediting lay evidence).  Accordingly, this third
4  argument also is not a basis for reversal or remand.

5        In accordance with the foregoing, the decision of the Commissioner is
6  affirmed.

8  DATED:  September 15, 2014

10     RALPH ZAREFSKY
    UNITED STATES MAGISTRATE JUDGE